
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1746 | **DATE** | 3/19/2002 |
| **CASE TITLE** | Neurological Testing vs. John Alden Life Insurance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to dismiss plaintiff's complaint pursuant to FRCP 12(b)(6)

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. John Alden's Rule 12(b)(6) motion is denied. Instead Neurological Testing's lawyers are ordered to reshape their complaint into one asserted under ERISA, by filing an Amended Complaint in this Court's chambers on or before April 1, 2002. John Alden is ordered to answer that Amended Complaint within 14 days after its delivery to John Alden's counsel. The April 9 status date is vacated and replaced by a telephonic status hearing on April 25, 2002 at 8:45.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 21 2002 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/20/2002 | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEUROLOGICAL TESTING SERVICES, )
L.L.C., )
)
Plaintiff, )
)
v. ) No. 02 C 1746
)
JOHN ALDEN LIFE INSURANCE COMPANY, )
)
Defendant. )

DOCKETED
MAR 2 1 2002

MEMORANDUM OPINION AND ORDER

To strike its first blow in what used to be called in the fight game "the old one-two," John Alden Life Insurance Company ("John Alden") timely removed this action from the Circuit Court of Cook County on federal question grounds: the premise that Neurological Testing Services, L.L.C. ("Neurological Testing") has implicitly advanced its claims under ERISA,[1] even though the claims are expressed in state law terms. Neurological Testing has sued John Alden as the assignee of three individuals covered by group health plans established by their employer--"employee benefit plans" within the meaning of ERISA, so that those claims by Neurological Testing could indeed qualify for assertion under ERISA.

Now John Alden has followed up with what it hopes is a knockout blow--a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to

---

[1] Citations to ERISA will take the form "Section --," using the numbering under Title 29 rather than ERISA's internal numbering.

dismiss Neurological Testing's Complaint (which comprises four counts, each speaking--as already stated--in terms of a state-law claim) as fully preempted by ERISA. But that attempted haymaker, although it does knock Neurological Testing down for four counts,[2] does not succeed in knocking it entirely out of the federal court ring.

As assignee from the insureds who are adverted to in its Complaint, Neurological Testing stands in their legal shoes and is hence authorized to bring an action under Section 1132(a)(1)(B). And to be sure, any purported claims sought to be advanced by it under state law are preempted under Section 1144(a)--in that respect see, e.g., the seminal decisions in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987) and Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

But John Alden's effort to trash this lawsuit because of such preemption ignores the basic teaching of our Court of Appeals in another ERISA-based case--Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir. 1992):

> In Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992), this court emphasized that a complaint need not point to the appropriate statute or law in order to raise a claim for relief under Rule 8 of the Federal Rules of Civil Procedure. And, we held that a complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as "relief is possible under any set of facts that could

---

[2] Bad pun intended.

2

be established consistent with the allegations. Id. See also Shannon v. Shannon, 965 F.2d 542 (7th Cir. 1992).

As Tolle, id. at 1135 went on to say:

> Bartholet and Shannon, like this case, involved ERISA actions. In those cases we held that although the parties framed their claims as claims under state law, the parties plead facts sufficient to raise claims under ERISA. Indeed, we concluded in those cases that ERISA preempted the state claims.

Those principles are as good law today as they were a decade ago.

Accordingly John Alden's Rule 12(b)(6) motion is denied. Instead Neurological Testing's lawyers are ordered to reshape their Complaint into one asserted under ERISA, by filing an Amended Complaint in this Court's chambers (with a copy to be delivered to John Alden's counsel) on or before April 1, 2002. John Alden is ordered to answer (but not otherwise to plead to) that Amended Complaint within 14 days after its delivery to John Alden's counsel. Finally, because that timetable carries beyond the previously-scheduled status hearing date of April 9, that date is vacated and is replaced by a telephonic status hearing date of April 25, 2002 at 8:45 a.m.

Milton I. Shadur
Senior United States District Judge

Date: March 19, 2002

3